## BRODZAK v. ROBINSON.

(Supreme Court, Appellate Term. January 7, 1909.)

PARTNERSHIP (§ 43*)—DOING BUSINESS IN FIRM NAME.

In an action on a contract to recover for work performed by plaintiff, doing business under a firm name, evidence that defendant entered into the contract, supposing that he was contracting with a copartnership, and that he paid one of the supposed partners, *held* not to justify a judgment for plaintiff.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 43.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Minnie Brodzak against Solomon M. Robinson. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Samuel L. Frooks, for appellant.
Epstein Bros., for respondent.

PER CURIAM. The action was brought by Minnie Brodzak, the plaintiff, to recover a sum of money alleged to be due on a contract for some electrical work made by Joseph M. Brodzak and Morris M. Marx. Her contention was that she was doing business under the firm of J. M. Brodzak Company, and that Joseph M. Brodzak and Morris M. Marx were employed by her. The defendant claimed that there was a copartnership existing between Joseph M. Brodzak and Morris M. Marx, and that he never made a contract with plaintiff, or knew her at all, and that he paid said Marx, one of said partners, as representing the firm.

The uncontradicted evidence shows that defendant did pay the claim in suit; but Marx, apparently, did not turn it over to plaintiff. The uncontradicted evidence further shows that plaintiff was an undisclosed principal, and that defendant supposed that he was dealing with plain-

tiff's son and Marx as copartners doing business under the name of "J. M. Brodzak Company, Electrical Contractors." The contract is signed: "J. M. Brodzak Company. J. M. Brodzak. M. Marx." Some days after defendant had paid the claim to Marx, plaintiff wrote him a letter warning him against paying Marx; but it was too late. It seems to us that the judgment is against the evidence, and should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.